Mark Brnovich
Attorney General
Firm State Bar No. 14000

Christopher J. Dylla
Assistant Attorney General
State Bar No. 027114
Office of the Attorney General
2005 North Central Avenue
Phoenix, Arizona 85004-1592
Telephone: (602) 542-8389
Facsimile: (602) 542-4273
Email: christopher.dylla@azag.gov
Attorneys for the State of Arizona
  *ex rel.* Arizona Department of Revenue

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>DARCY MICHAEL LORINCZ,<br>SSN: XXX-XX-9346<br><br>Debtor. | Chapter 11<br><br>Case No. 2:19-bk-04925-PS<br><br>**LIMITED OBJECTION TO CONFIRMATION OF DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**<br><br>Docket No. 93<br><br>Date: January 7, 2020<br>Time: 10:00 a.m.<br>Crtm: Courtroom 601 (Sixth Floor)<br>Place: 230 North First Avenue,<br>        Phoenix, AZ |

The State of Arizona *ex rel.* Arizona Department of Revenue ("Department") objects to the *First Amended Plan of Reorganization* ("Plan") filed by Darcy Michael Lorincz ("Debtor") on October 22, 2019. This Objection is supported by the following Memorandum of Points and Authorities.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Factual and Procedural History

1. On April 24, 2019, the Debtor filed a voluntary chapter 11 petition for relief under Title 11 of the United States Code[1]. The Debtor's petition was assigned the case number 2:19-bk-04925-PS.

2. The Debtor is an individual residing in the State of Arizona and upon information and belief is required to file and pay individual income tax returns.

3. The Department filed a proof of claim, establishing that it has a priority claim in the amount of $1,559.30, and a general unsecured claim in the amount of $77.86. A true and accurate copy of the Department's *First Amended Proof of Claim* ("Claim") dated October 22, 2019 is No. 1-2 on the Claims Register.

4. On July 25, 2019, the Debtor amended Schedule I indicating that the Debtor anticipated receiving $2,000.00 a month for the rental of 6408 East Lone Mountain in Cave Creek ("Investment Property"). *See Amended Schedule I*, Docket No. 49, Page 3, Line 8h.

5. Also on July 25, 2019, the Debtor amended Schedule J anticipating possible transaction privilege tax he may owe for the Investment Property. *See Amended Schedule J*, Docket No. 49, Page 5, Line 16.

6. On July 29, 2019, the Debtor filed his *Disclosure Statement* and indicated that at least part of the income needed to fund the plan would be generated from "rental income generated from the investment property." *See Disclosure Statement*, Docket No. 50, Page 21, Lines 13-14.

---

[1] Unless otherwise indicated, all chapter, section, federal bankruptcy rule, and local bankruptcy rule references are to the U.S. Bankruptcy Code (the "Bankruptcy Code"), 11 U.S.C. § 101 et. seq., the Federal Rules of Bankruptcy Procedure (the "Rule"), Rules 1001-9037, and to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Arizona (the "Local Rule").

7. On October 22, 2019, the Debtor filed his Plan and again confirmed that at least part of the income needed to fund the plan would be generated from "rental income generated from the investment property." *See* Plan, Docket No. 93, Page 13, Lines 13-14.

8. The Department now files this limited objection to confirmation.

## II. Argument

### A. The Plan Fails to Provide for Gap Interest on the Department's Claim

The Department claim is made up of non-dischargeable liabilities. *See* 11 U.S.C. §§ 1141(d)(2), 507(a)(8)(A)(i), 523(a)(7). Because they are non-dischargeable, the Department is entitled to gap interest from the petition date to the date that the Debtor's Plan is confirmed. The Plan does not provide that the gap interest that will accrue on the Department's Claim. The Plan must provide for the accrual of the gap interest and its non-dischargeability. The Department will not require the Debtor to pay the gap interest as part of the Plan payment, but does require the Plan to state that the gap interest will be excepted from discharge if not paid as part of the Plan payment.

### B. The Debtor has failed to obtain a TPT License

As mentioned earlier, the Debtor proposes to fund his Plan in part with revenues generated from the rental of the Investment Property. The long term rental, defined as a rental of more than thirty days, of the Investment Property will subject the Debtor to transaction privilege taxes ("TPT") and require him to obtain a TPT license and timely file TPT returns for and pay TPTs. As of December 16, 2019, the Debtor has not obtained a TPT license. The Debtor asks this Court to confirm his Plan on the basis that he will rent the Investment Property and use that income to partially fund his Plan. Because, the rental of the Investment Property is

3

Case 2:19-bk-04925-PS    Doc 103    Filed 12/16/19    Entered 12/16/19 11:35:57    Desc
Main Document    Page 3 of 4

central to the feasibility of the Plan, the Department requests that the Debtor be required to obtain a TPT license prior to confirmation due to the certainty that this will happen otherwise the Plan will not be feasible.

### III. Conclusion

Based on the foregoing, the Department requests this Court to deny confirmation of the Plan as failing to meet the requirements of 11 U.S.C. § 1129.

RESPECTFULLY SUBMITTED this 16th day of December, 2019.

MARK BRNOVICH
Attorney General

/s/ CJD No.027114
Christopher J. Dylla
Assistant Attorney General
Attorneys for the State of Arizona
 *ex rel*. Arizona Department of Revenue

ORIGINAL of the foregoing filed electronically this 16th day of December, 2019 with:

United States Bankruptcy Court
District of Arizona

COPY of the foregoing sent for mailing or by email* this 16th day of December, 2019 to:

| | |
|---|---|
| Allan D. NewDelman, Esq.* | Patty Chan, Esq.* |
| Roberta J. Sunkin, Esq.* | Office of the U.S. Trustee |
| Allan D. NewDelman, P.C. | 230 North First Avenue, Suite 204 |
| 80 East Columbus Avenue | Phoenix, AZ 85003 |
| Phoenix, AZ 85012-2334 | Email: patty.chan@usdoj.gov |
| Email: anewdelman@adnlaw.net | *Attorney for the U.S. Trustee* |
| *Attorneys for Debtor* | |

/s/ R. Scott Graves
#8403692/BCE18-03504